**Natalie J. FERGUSON, Plaintiff,**

v.

**WESTERN CAROLINA REGIONAL SEWER AUTHORITY, Defendant.**

**Civ. A. No. 6:94–3404–20AK.**

United States District Court, D. South Carolina, Greenville Division.

Jan. 29, 1996.

Roy Franklin Harmon, III, and Julie Michaels Bondura, Greenville, SC, for plaintiff.

John Creech, and Mary Susan Eglin, Greenville, SC, and Stephen Henry Brown, Greenville, SC, for defendant.

## ORDER

HERLONG, District Judge.

This matter is before the court with the Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b) and Local Rule 19.02 DSC. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The plaintiff, Natalie J. Ferguson ("Ferguson"), filed this action against her employer, Western Carolina Regional Sewer Authority ("WCRSA"), alleging employment discrimination in violation of the Americans with Disabilities Act ("ADA"). Ferguson suffers from hypothyroidism, irritable bowel syndrome, and diverticulosis, and claims that WCRSA unlawfully terminated her employment when she was too ill to work because of these impairments. Both parties have moved for summary judgment. In his Report and Recommendation, United States Magistrate Judge William M. Catoe, Jr. recommends granting WCRSA's motion and denying Ferguson's. Ferguson filed objections to the Report and Recommendation.

██ A person has a disability within the meaning of the ADA if she has a physical or mental impairment[1] that substantially limits one or more of her major life activities, or has a record of such impairment, or is regarded as having such an impairment. *See*

---

1. Ferguson also objected to the magistrate judge's failure to address whether she has a physical impairment as defined in the statute. Since WCRSA has conceded that Ferguson has a physical impairment, this objection need not be addressed. (*See* Def.'s Resp.Pl.'s Obj. Mag.Judge's Rep. & Rec. at 4 n. 3.)

42 U.S.C. § 12102(2). The magistrate judge found, and this court agrees, that Ferguson does not meet this definition because her impairment does not substantially limit her major life activities.

 Ferguson argues that the magistrate judge should have addressed EEOC regulations and interpretive guidelines in considering whether Ferguson is disabled. She contends that the regulations and guidelines basically state that impairments which require an individual to rely on mitigating measures such as medication or prosthetic devices should be considered disabilities. *See* 29 C.F.R. Pt. 1630 App. § 1630.2(h). As examples, the regulations discuss impairments such as epilepsy and diabetes. *See* 29 C.F.R. Pt. 1630 App. § 1630.2(h)–(j). Ferguson argues that her impairment of hypothyroidism, which requires daily medication, should likewise be considered a disability. In support of her position, Ferguson relies on several cases that have found individuals suffering from these types of impairments to be disabled. *See Pater v. Deringer Mfg. Co.,* No. 94–C–7047, 1995 WL 530655 (N.D.Ill. Sept. 7, 1995) (diabetes and heart trouble); *Finley v. Cowles Business Media,* No. 93–CIV–5051, 1994 WL 273336, 1994 U.S.Dist. LEXIS 8205 (S.D.N.Y. June 20, 1994) (chronic heart disease); *Sarsycki v. United Parcel Serv.,* 862 F.Supp. 336 (W.D.Okla.1994) (diabetes).

The guidelines relied upon by Ferguson, however, also state that the determination of whether an individual has a disability should be based not on the diagnosis of the impairment, but on the effect of the impairment on the life of the individual. *See* 29 C.F.R. Pt. 1630 App. § 1630.2(j). "Some impairments may be disabling for particular individuals but not for others, depending on the stage of the disease or disorder, the presence of other impairments that combine to make the impairment disabling or any number of other factors." *Id.*

Moreover, the United States Court of Appeals for the Fourth Circuit has stated that "the plain language of [42 U.S.C. § 12102(2)] requires that a finding of disability be made on an individually-individual basis." *Ennis v. National Ass'n of Business & Educ. Radio,*

*Inc.,* 53 F.3d 55, 59 (4th Cir.1995). The Fourth Circuit went on to state that the statute contemplates a case-by-case determination of whether a particular impairment substantially limits a major life activity of an individual. This requirement precludes any "laundry list" of per se disabilities. *See id.* at 60; 29 C.F.R. Pt. 1630 App. § 1630.2(j) ("The ADA and this part ... do not attempt a 'laundry list' of impairments that are 'disabilities.'"); *Deckert v. City of Ulysses,* No. 93–1295–PFK, 1995 WL 580074, at *7 (D.Kan. Sept. 6, 1995) (holding 29 C.F.R. Part 1630 Appendix to be invalid to the extent that it would alter the statutory definition by creating a "checklist" of approved disabilities); *Coghlan v. H.J. Heinz Co.,* 851 F.Supp. 808, 813 (N.D.Tex.1994) (finding EEOC "interpretive gloss" to be at odds with the clear statutory language).

As the magistrate judge noted, Ferguson's endocrinologist testified that Ferguson would have needed to be excused from work only during the first few weeks of her treatment for the hypothyroidism. (*See* Mag.Judge's Rep. & Rec. at 5–6.) Dr. Daves testified that Ferguson's irritable bowel syndrome was moderately severe, but that it "should not interfere with one's activity." (*Id.* at 7.) Furthermore, Ferguson herself testified that she had "learned to live with" her diverticulosis, that there was nothing she could not do because of her diverticulosis and irritable bowel syndrome, and that her impairments did not interfere with her daily activities or affect her ability to work. (*Id.* at 6.) Although Ferguson in her objections claims that the hypothyroidism limited her sleeping and eating, (Pl.'s Obj. Mag. Judge's Rep. & Rec. at 10–11), she testified in her deposition that there was nothing she could not do as a result of the hypothyroidism and other ailments. (*See* Mag.Judge's Rep. & Rec. at 6.) In light of this testimony, the court agrees with the magistrate judge that no reasonable jury could find that Ferguson's impairments, either alone or in combination, constitute a disability under the ADA. (*See* Mag.Judge's Rep. & Rec. at 7.)

 Ferguson's final objection is that the magistrate judge failed to consider whether she is disabled within the meaning of 29

C.F.R. § 1630.2(g)(2) or (3)—that is, whether she has a record of such impairment or was regarded as having such an impairment. Ferguson argues that she was regarded as having such an impairment by her supervisors. However, she has introduced no evidence from which a reasonable jury could make such a finding; therefore, this objection lacks merit.

For the foregoing reasons, the court adopts the Report and Recommendation of the magistrate judge and incorporates it herein. Therefore, it is

**ORDERED** that WCRSA's motion for summary judgment is granted. It is further

**ORDERED** that Ferguson's motion for summary judgment is denied.

**IT IS SO ORDERED.**